**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA HOWARD, | No. 12-17692 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01216-FJM |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted February 10, 2015
San Francisco California

Before: SCHROEDER and SILVERMAN, Circuit Judges, and GARBIS, Senior District Judge.**

Appellant Cynthia Howard challenges the denial of Social Security benefits.

She was employed as an accountant but has not worked since 2005, and it is not

disputed that she suffers from a variety of mental and physical impairments.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Howard correctly points out that the ALJ failed to provide any reason for rejecting the opinion of one of Howard's treating physicians, Dr. Albery, who had found Howard suffered from severe mental impairments and from physical conditions creating pain he described as "excruciating." The ALJ failed even to mention Dr. Albery's opinion. Our law requires that the ALJ give at least a "specific and legitimate" reason for rejecting the opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). The government responds that there were reasons the ALJ could have given for rejecting Dr. Albery's opinion, but we are not allowed to consider post hoc rationalizations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The ALJ found Howard's testimony not credible, but only because it did not comport with the ALJ's own assessment of Howard's residual functional capacity. Howard correctly points out that the ALJ's explanation was conclusory and circular. It failed to provide a specific, clear and convincing reason for rejecting her symptom testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (holding that an ALJ may only reject a claimant's testimony about the severity of her symptoms if he provides specific, clear and convincing reasons for doing so).

In reviewing the other expert testimony and medical opinions, the ALJ concluded that he gave "greater weight" to the psychologist who evaluated Howard at the request of the state agency, Dr. Tromp. Dr. Tromp, however, noted "moderate" limitations in the ability to perform adequately during the course of a workday and a "marked" limitation in Howard's ability to get along with coworkers. When the vocational expert was specifically asked whether a person with the limitations discussed by Dr. Tromp would be able to work, the expert responded she could not.

Accordingly, the ALJ's opinion that Howard retained the functional capacity for work as an accountant is therefore not supported by substantial evidence. It is contrary to the opinion of the treating physician Dr. Albery, Howard's own testimony, the conclusions of the vocational expert, and the opinion of the psychologist Dr. Tromp whose views the ALJ credited. The record is fully developed and therefore there is no reason to remand for further evidentiary proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The judgment of the district court is reversed with instructions to remand for the computation of benefits. *Id.*

**REVERSED** and **REMANDED**.